**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZEBADIAH HOLLAND,

     Petitioner,

v.                                                                    Case No. 13-10267

DUNCAN MACLAREN,

     Defendants.

_____/

**OPINION AND ORDER TRANSFERRING PETITION**
**TO THE COURT OF APPEALS**

Zebadiah Holland ("Petitioner"), a Michigan state prisoner, submits a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244(b).  Petitioner has not obtained an order from the court of appeals authorizing the district court to consider Petitioner's application.  *See* § 2244(b)(3)(A).  The court will therefore order the petition transferred to the court of appeals.

Petitioner was convicted in August, 1991, of first-degree felony murder, breaking and entering, and a firearm offense.  He was sentenced to life in prison for the murder, ten-to-fifteen years for breaking and entering, and a consecutive two-year sentence for the firearm offense.  The Michigan Court of Appeals affirmed the murder and firearm convictions but vacated the conviction for breaking and entering.  *People v. Holland*, No. 147394 (Mich. Ct. App. Aug. 9, 1994).  The Michigan Supreme Court denied leave to appeal.

Petitioner filed a motion for relief from judgment with the trial court in April, 1997, which was denied in June, 1998.  The Michigan Court of Appeals denied Petitioner's

delayed application for leave to appeal.  *People v. Holland*, No. 215294 (Mich. Ct. App.

Apr. 19, 1999).  The Michigan Supreme Court also denied leave to appeal.  *People v.*

*Holland*, No. 114846 (Mich. Nov. 29, 1999).

Petitioner filed a petition for writ of habeas corpus with the United States District

Court for the Eastern District of Michigan.  The court granted summary judgment to

respondent, finding the petition barred by the statute of limitations, and denied the

petition with prejudice.  *Holland v. Curtis*, No. 00-cv-74794 (E. D. Mich. May 6, 2002)

(order adopting report and recommendation).  The Sixth Circuit denied a certificate of

appealability in December, 2002, and the United States Supreme Court denied a

petition for certiorari.

Petitioner filed another motion for relief from judgment in the state court, which

was denied in February, 2008.  The Michigan Court of Appeals dismissed Petitioner's

appeal in a standard order in May, 2008 and denied reconsideration in June, 2008.  The

Michigan Supreme Court denied leave to appeal.

Petitioner filed a third motion for relief from judgment with the trial court, asserting

a right to relief based upon newly discovered evidence.  Petitioner's motion for relief

from judgment was denied, on the grounds that the newly discovered evidence was

untrustworthy and that Petitioner therefore failed to establish prejudice.  *People v.*

*Holland*, No. 91-4698 (Mich. Cir. Ct. Sept. 25, 2009).  The Michigan Court of Appeals

denied leave to appeal in October, 2010, and denied reconsideration in December,

2010.  The Michigan Supreme Court denied leave to appeal and denied

reconsideration.  The United States Supreme Court denied certiorari.

In January, 2010, Petitioner filed in the Sixth Circuit a motion for leave to file a successive petition for habeas corpus, but voluntarily dismissed the motion in April, 2012.  In December, 2012, Petitioner filed another motion in the Sixth Circuit for leave to file a second or successive petition for habeas corpus.  *In re Holland*, No. 12-2552 (6th Cir. 2012).  That motion is still pending.

Petitioner has now filed another petition for writ of habeas corpus challenging his 1991 conviction and sentence, asserting a right to relief based on newly discovered evidence.  Petitioner has also filed a motion to stay the petition pending authorization by the Sixth Circuit.

If an application for habeas corpus relief is "second or successive," the petitioner must obtain leave from the court of appeals before filing it with the district court. *Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010); 28 U.S.C. § 2244(b).  This petition is a second or successive petition.  Petitioner has already challenged the specific judgment of sentence at issue here.  *Cf. Magwood*, 130 S.Ct. at 2796 (allowing, after a re-sentencing, a second habeas petition).  Petitioner's jurisdictional claims are not newly ripe.  *Cf. Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (allowing the addition in a second petition of a claim that was not ripe when the first petition was filed).  Petitioner has not received a new appeal between his first petition and the petition at issue here. *Cf. Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) (allowing a second petition following a remedial appeal caused by the first petition).  Petitioner's earlier petition was denied as barred by the statute of limitations, which counts as an adjudication on the merits and renders a later petition second or successive.  *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *Quezada v. Smith,* 624 F.3d 514, 519-29 (2d Cir. 2010);

*McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*); *Altman v. Benick,* 337 F.3d 764, 765 (7th Cir. 2003).

Before a prisoner may file a second or successive habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has filed a motion seeking such an order, but that motion is still pending and, as of now, Petitioner has not obtained from the court of appeals authorization to file a successive petition in the district court. If a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the court of appeals. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner asks to stay the petition while he seeks authorization to file the successive petition, but, without authorization from the court of appeals, the district court lacks jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Accordingly, the petition is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2013, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-10267.HOLLAND.TransferHabeas.ckbedit.wpd