UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZEBADIAH HOLLAND,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.
_____/

Case No. 13-cv-10267

HONORABLE AVERN COHN

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S MOTION TO AMEND PETITION (Docs. 13, 15)**
**AND**
**GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Docs. 11, 19)**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Zebadiah Holland is a Michigan state prisoner confined under a life sentence for first degree felony murder. As will be explained, in 2002, Petition filed a petition for writ of habeas corpus that was dismissed as untimely. In 2013, Petitioner filed a second petition, which was transferred to the Court of Appeals for the Sixth Circuit because it had not been authorized as required by 28 U.S.C. §2244(b). In July, the Sixth Circuit authorized Petitioner to file a second petition based on a claim of newly discovered evidence. The Court then reopened the case and ordered service of the petition.

Before the Court are Petitioner's motion to amend the petition and motion for

appointment of counsel.[1]  For the reasons that follow, the motion to amend will be denied and the motion for appointment of counsel will be granted.

## II.  Background

In 1991, Petitioner was convicted of first degree felony murder, breaking and entering, and felony firearm in the shooting death of Charles Knight.  Petitioner was sentenced to life in prison for the murder, and a consecutive two-year sentence for the firearm offense.  The Michigan Court of Appeals affirmed the murder and firearm convictions and vacated the conviction for breaking and entering.  People v. Holland, No. 147394 (Mich. App. Aug. 9, 1994).  The Michigan Supreme Court denied leave to appeal.  Petitioner's subsequent motion for post-conviction relief was denied in the trial court and on appeal.

In 2000, Petitioner, through counsel, filed a petition for writ of habeas corpus, raising the following claims:  1) Petitioner was denied a fair trial and due process when the jury was not permitted to rehear certain testimony during deliberations; 2) Petitioner was denied a fair trial when a prosecution witness told the jury that Petitioner had been in jail; 3) Petitioner was denied due process and the right to counsel when police used a suggestive photographic identification procedure; 4) prosecutorial misconduct; 5) ineffective assistance of trial counsel; and 6) ineffective assistance of appellate counsel.  Holland v. Curtis, No. 00-74794.  The Court, upon adoption of a report and recommendation of a magistrate judge, dismissed the petition as barred by the statute

---

[1] Petitioner actually filed two motions to amend and two motions for appointment of counsel.  See Docs. 13, 15, 11, 19.  The motions are identical; therefore, the Court treats them as a single motion to amend and a single motion for appointment of counsel.

of limitations. See Doc. 31 in case no. 00-74794. The Court of Appeals for the Sixth Circuit denied a certificate of appealability. See Doc. 45 in case no. 00-74794.

Petitioner then returned to state court and filed another motion for relief from judgment in the state court, which was denied in February, 2008. The Michigan Court of Appeals dismissed Petitioner's appeal in May, 2008 and denied reconsideration in June, 2008. The Michigan Supreme Court denied leave to appeal because the motion for relief from judgment was barred by M.C.R. 6.502(G). People v. Holland, 482 Mich. 1065 (2008).

Petitioner then filed a third motion for relief from judgment with the trial court, asserting a right to relief based upon newly discovered evidence that the main witness against Petitioner had recanted her testimony. Petitioner's motion for relief from judgment was denied on the grounds that the newly discovered evidence was untrustworthy and that Petitioner therefore failed to establish prejudice. People v. Holland, No. 91-4698 (Mich. Cir. Ct. Sept. 25, 2009). The Michigan Court of Appeals denied leave to appeal in October, 2010, and denied reconsideration in December, 2010. The Michigan Supreme Court denied leave to appeal and denied reconsideration. The United States Supreme Court denied certiorari.

In 2012, Petitioner filed a pro se motion in the Sixth Circuit requesting permission to file a second petition. The motion was docketed in Petitioner's 2000 case.

In January of 2013, Petitioner, proceeding pro se, filed a second petition for writ of habeas corpus in this district. Holland v. MacLaren, 13-10267. The case was randomly assigned to another judge in this district. Because the petition was second or successive within the meaning of 28 U.S.C. §2244(b), the district court transferred the

3

case to the Sixth Circuit under In re Sims, 111 F.3d 45 (6th Cir. 1997).  See Doc. 5 in case no. 13-10267.

The Sixth Circuit later consolidated Petitioner's 2012 motion and the new, transferred, petition.

In both his motion and new petition, Petitioner sought to assert a claim based on newly discovered evidence in the form of an affidavit of Patricia Seymore, a key witness against him at trial.  In the affidavit, Seymore recanted her trial testimony and said that the police pressured her and threatened to charge her in the case if she did not implicate Petitioner.  Seymore's affidavit was signed in 2009, well after Petitioner's 2000 case was filed and closed.

On July 11, 2013, the Sixth Circuit granted Petitioner's motion to authorize the district court to entertain a second or successive habeas petition and transferred the petition back to the court.  Specifically, the Sixth Circuit authorized Petitioner to pursue his claims based on Seymore's affidavit. In re Zebadiah Holland, case nos. 12-2552, 13-1143 (6th Cir. July 11, 2013).

Upon issuance of the Sixth Circuit's decision, the 2013 case was reassigned to the undersigned as a companion to the 2000 case.  See Doc. 6 in case no. 13-10267.

On August 1, 2013, the Court reopened the case and directed service of the petition on Respondent.  See Doc. 8 in case no. 13-10267.  The state's response is due on January 28, 2014.

### III.  Analysis
### A.  Procedural Matter

While the order authorizing Petitioner to proceed on a second petition was filed in

4

both Petitioner's 2000 case and 2013 case, there is no need to proceed under the 2000 case. All filings should be under the 2013 case number only.

## B. Motion to Amend

Petitioner seeks leave to amend the petition to add five additional claims, which are presented in an amended petition. Specifically, Petitioner seeks to add claims of 1) ineffective assistance of trial and appellate counsel for failing to research; 2) ineffective assistance of trial counsel for failing to object to erroneous jury instructions; 3) denial of due process when prosecution witness told the jury that Petitioner had previously been incarcerated; 4) denial of due process when the prosecutor elicited evidence of threats to a prosecution witness and the trial court engaged in ex parte communications with a juror; and 5) prosecutorial misconduct in closing arguments, arguing for a conviction based on fear and sympathy, and vouching for prosecution witnesses. Petitioner asserts that he omitted these claims from the petition filed earlier this year because his earlier petition had been dismissed as barred by the statute of limitations. Petitioner argues that he should be permitted to amend the petition to add these claims because his colorable claim of actual innocence, recognized by the Sixth Circuit in its order authorizing the filing of a second or successive petition.

Petitioner is not entitled to amend his petition because the proposed amended petition contains claims that exceed the scope of the Sixth Circuit's authorization for filing a second or successive petition. A federal district court lacks jurisdiction over a second or successive habeas petition that has not been authorized by the appropriate circuit court. 28 U.S.C. §2244(b); Burton v. Stewart, 549 U.S. 147, 152-53 (2007). The Sixth Circuit authorized the filing of a habeas petition that claimed that Patricia Seymore

5

testified falsely when she identified Petitioner at his trial, and that her false testimony was caused by police threats.  The Sixth Circuit did not authorize a petition that contains claims of ineffective assistance of trial and appellate counsel, improper conduct by the trial court and prosecutor with regard to evidence of threats against witnesses, improper admission of evidence of previous incarceration, and prosecutorial misconduct in closing arguments.  Thus, Petitioner is not entitled to amend his petition to pursue these claims.

### C.  Motion for Appointment of Counsel

Petitioner also moves the Court to appoint counsel to assist him in prosecuting this habeas action.  There is no constitutional right to the appointment of counsel in a habeas proceeding.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)).  Appointment of counsel in a habeas proceeding for a financially eligible petitioner  is mandatory only if the district court determines that an evidentiary hearing is required.  Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); see Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.  Otherwise, the matter lies within the discretion of the court.  Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986).  A "financially eligible" habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, the interests of justice require appointment of counsel.  The Sixth Circuit has authorized Petitioner to proceed on a second habeas petition based on a claim of newly discovered evidence which implicates Petitioner's actual innocence.  While Petitioner has clearly framed the issues in his papers filed both in the Court and before the Sixth Circuit, resolution of the case would benefit from the appointment of counsel to assist Petitioner in pursing his claim.

### III.  Conclusion

Accordingly, Petitioner's motion to amend is DENIED.  Petitioner's motion for appointment of counsel is GRANTED.

SO ORDERED.

    S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 23, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami  
Case Manager, (313) 234-5160

7