**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ZEBADIAH HOLLAND,

     Petitioner,

                          CASE NO. 2:13-CV-10267

v.                      HONORABLE DENISE PAGE HOOD
                         CHIEF UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

     Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C.§ 2244(b)(4), DECLINING TO ISSUE
A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
APPEAL IN FORMA PAUPERIS**

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Zebadiah

Holland is a Michigan state prisoner at the Kinross Correctional Facility in

Kincheloe, Michigan, where he is serving a life sentence for first-degree

felony murder. Mich. Comp. Laws § 750.316, and two years for felony-

firearm, Mich. Comp. Laws § 750.227b.  In 2013, the Sixth Circuit

authorized petitioner to file a second petition based on a claim of newly

discovered evidence. See *In Re Holland*, Nos. 12-2552, 13-143 (6th Cir.

July 11, 2013).  In his habeas petition, filed both *pro se* and through

counsel, petitioner claims that he is incarcerated in violation of his

constitutional rights.  Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are without merit.  For the reasons which follow, the petition will be denied pursuant to 28 U.S.C.§ 2244(b)(4).

## I.  Procedural History

Petitioner was convicted following a jury trial in the Detroit Recorder's Court of first-degree felony murder, breaking and entering an occupied dwelling, and felony-firearm. [1]

The Michigan Court of Appeals affirmed petitioner's first-degree felony murder and felony firearm convictions, but vacated petitioner's breaking and entering conviction on double jeopardy grounds. *People v. Holland*, No. 147392 (Mich. Ct. App. Aug. 9, 1994).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Holland*, 448 Mich. 920 (Mich. 1995).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Holland*, No. 91-004698-01(Wayne County

---

[1]  In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. See *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

2

2:13-cv-10267-DPH-RSW   Doc # 49   Filed 02/29/16   Pg 3 of 20   Pg ID 1807

Circuit Court, June 17, 1998). The Michigan appellate courts denied

petitioner leave to appeal. *People v. Holland,* No. 215294 (Mich.Ct.App.

April 19, 1999); *lv.den.* 461 Mich. 923 (1999).

On October 30, 2000, petitioner filed a petition for writ of habeas

corpus, in which he sought relief on the claims raised in his first motion for

relief from judgment. The district court judge adopted the Report and

Recommendation of the magistrate judge and dismissed the petition as

barred by the statute of limitations. *Holland v. Curtis*, No. 2:00-cv-74794

(E.D. Mich. May 6, 2002)(Cohn, J.); *app. dism*. No. 02-1715 (6th Cir. Dec.

11, 2002); *cert. den*. 540 U.S. 883 (2003).

In October of 2007, petitioner filed a motion for a new trial and an

evidentiary hearing, which was treated as a second motion for relief from

judgment and denied. *People v. Holland*, No. 91-004698-01(Wayne County

Circuit Court, February 13, 2008). The Michigan appellate courts denied

petitioner leave to appeal. *People v. Holland*, No. 284813 (Mich.Ct.App.

May 14, 2008); *lv. den.* 482 Mich. 1065 (2008).

In June of 2009, petitioner filed a third motion for relief from judgment

in the trial court, which raised the following claims:

I. Defendant is entitled to a new trial based on a recently obtained
sworn affidavit signed by the main prosecution witness, who [now

3

states] that she lied at trial, and that Mr. Holland did not commit the crimes for which he was convicted.

II. Mr. Holland is entitled to post-conviction relief pursuant to MCR 6.508(D) and MCR 6.502(G), because the substantive issue raised involves newly discovered evidence.

The trial court denied the motion for relief from judgment. *People v. Holland*, No. 91-004698-01(Wayne County Circuit Court, September 25, 2009).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Holland*, No. 299948 (Mich.Ct.App. October 12, 2010); *lv. den.* 802 N.W.2d 349 (Mich. 2011); *reconsideration den.* 805 N.W. 2d 184); *cert. den.* 133 S. Ct. 121 (2012).

In 2013, Petitioner filed the current petition, which was transferred by Judge Avern Cohn to the Court of Appeals for the Sixth Circuit because it had not been authorized as required by 28 U.S.C. § 2244(b).  The Sixth Circuit authorized petitioner to file a second petition based on a claim of newly discovered evidence. See *In Re Holland*, Nos. 12-2552, 13-143 (6th Cir. July 11, 2013).  Judge Cohn then reopened the case and ordered service of the petition.

On October 23, 2013, Judge Cohn denied petitioner's motion to amend his habeas petition, because the proposed amended petition contained claims that exceeded the scope of the Sixth Circuit's

4

authorization for the filing of the second petition, but appointed counsel for petitioner. *Holland v. Maclaren,* No. 2013 WL 5745174 (E.D. Mich. October 23, 2013)(Cohn, J.).

Petitioner filed two motions for discovery. Petitioner requested the personnel file of police officer Investigator Reginald Harvel, whom petitioner says was responsible for taking a statement from the primary witness against petitioner and whom petitioner claimed had a history of using illegal investigative techniques to obtain incriminating statements from witnesses. Judge Cohn granted the motion. (Doc. 36).

Respondent filed a motion for reconsideration, objecting to the production of Officer Harvel's personnel file and asked that Judge Cohn first review the file *in camera* prior to disclosure of any documents to petitioner's counsel. (Doc. 38). Judge Cohn granted the motion. (Doc. 41).

After reviewing Officer Harvel's file, Judge Cohn denied petitioner's request for disclosure of the file because nothing in the file suggested that Officer Harvel "has a history of using illegal investigative techniques to obtain incriminating statements from witnesses." Judge Cohn, in fact, concluded that the contents of the file were "unexceptional." (Doc. 44).

Petitioner seeks habeas relief on the following grounds:

5

I. Petitioner is entitled to relief where his claim of actual innocence demonstrated his conviction was obtained by perjured testimony leaving insufficient evidence upon which a juror could exclude reasonable doubt.

II. Petitioner was entitled to a new trial, or at least an evidentiary hearing, because of newly discovered evidence where the only prosecution witness was threatened by police to name him, a man who did not match the original description, and was denied due process in the state courts handling of the claim.

On April 10, 2015, Judge Cohn disqualified himself from the case. The case was reassigned to this Court. (Doc. 48).

## II. Facts

Petitioner and respondent have both provided the Court with a lengthy recitation of the facts. Only a brief overview of the facts is necessary.

Petitioner, his brother Bekeiba Holland, and Leon Desean Lippett, were convicted of breaking into Patricia Craig's house in Detroit, Michigan around midnight on April 12, 1991, while armed with firearms. The men entered the house firing their guns. The three men demanded money and drugs. During the robbery, Charles Knight was shot and killed. Another man, Erwin Reeves, was shot and wounded.

Patricia Craig was the only person to positively identify petitioner as

6

being one of the shooters. [2]  Craig had known petitioner and his brother for about three years and saw petitioner nearly every day.  Petitioner and his brother were friends with Craig's children, Tamika and Rayshon.  Craig knew petitioner by the name "Sabada" and his brother by the nickname "Makeba."

Craig testified that on the night of the shooting, petitioner, his brother, and Lippett entered her home.  They told everyone to turn their heads. Craig indicated that petitioner and his brother were armed with hand guns, while Lippett had a long gun.  Craig testified that the men wore dark jackets, dark clothes, and skull caps.  Craig testified that she did not see anything covering the men's faces and that they were not wearing masks. At one point, petitioner put a gun to Craig's head and threatened to shoot her.

When Craig was first interviewed by the police, she told them that she did not see the faces of the three men who broke into her home.  Craig also told the police that she did not see Knight or Reeves being shot because the perpetrators made her, her daughter, and a daughter's friend

---

[2]  The witness was named Patricia Craig at the time of petitioner's trial but now goes by the name Patricia Seymore.  To avoid confusion, the Court will refer to her as "Craig" when discussing her trial testimony but will refer to her by the last name "Seymore" when discussing her post-trial affidavit.

go into the bedroom.  Craig was asked if she recognized Makeba as one of the shooters.  Craig indicated that although she was screaming and covering her head, it sounded like him.  After telling the police that "Makeba and Sabada always hang together," along with their friends "Leon and Marvin," police asked Craig if she recognized the other two men to be Sabada, Leon or Marvin.  Craig told them that "she recognized Sabada's [petitioner's] voice."

Twelve hours later, Craig told Investigator Reginald Harvel that she saw petitioner, his brother, and Leon break into her house.

At trial, Craig testified that petitioner, his brother, and Leon were all involved in the break-in and shooting.  Craig was confronted with her first statement to the police, in which she failed to visually identify petitioner or the other men.  Craig testified that she lied in the first statement because she was afraid of petitioner and his co-defendants.

Although other persons were present at Craig's house at the time of the shooting and some identified the co-defendants as being involved, none of these witnesses identified petitioner as being one of the men present at the shooting.

On March 16, 2009, Patricia Craig, now named Patricia Seymore,

8

signed an affidavit in which she recanted her identification of petitioner. Seymore claimed that her identification of petitioner and the co-defendants was false because the men's faces were completely covered. Seymore further indicated that she testified falsely about being able to recognize any of the men's voices. Seymore claimed that she falsely implicated petitioner and his brother because the police threatened to charge her and/or her daughter in this case. Seymore indicated that she did not recant her testimony earlier because she was afraid that the police would implicate her in this case.

Petitioner presented this affidavit to the Wayne County Circuit Court in his third motion for relief from judgment. The judge denied the motion. The judge first noted "that the fact that Seymore waited over 18 years after defendant's conviction before recanting weighs against the credibility of her affidavit recanting her trial testimony." *People v. Holland*, No. 91-004698-01, * 4 (Wayne County Circuit Court, September 25, 2009). The judge further concluded that it was unlikely that the affidavit would lead to a different probable result on retrial because it was cumulative of evidence presented at trial, namely, Seymore's first statement to the police, in which she indicated that she did not see the faces of the men who entered the

9

house. *Id.* The judge concluded: "In light of the evidence presented at trial that Seymore previously indicated that she could not identify defendant, and the untrustworthy nature of Seymore's recantation testimony, the Court finds that defendant has failed to establish that newly discovered evidence would make a different result probable on retrial." *Id.*

Petitioner now seeks relief from his conviction based on Seymore's affidavit.

### III.  Analysis

**Petitioner's successive habeas application is subject to dismissal pursuant to 28 U.S.C.§ 2244(b)(4), because petitioner's claim fails to satisfy the standard required under § 2244(b) for filing a second or successive habeas application.**

The Court dismisses petitioner's successive habeas petition 28 U.S.C. § 2244(b)(4), because his claim fails to satisfy the requirements for filing a second or successive habeas petition.

28 U.S.C. § 2244(b)(2) states:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

10

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

In the present case, the Sixth Circuit has granted petitioner permission, pursuant to § 2244(b)(3)(A), to file his second petition, at least with respect to his perjury claim.  However, the Sixth Circuit Court of Appeals' order, which allowed petitioner to proceed with this second petition, was merely a determination by the Sixth Circuit that petitioner had made a *prima facie* showing that the application satisfied the requirements

11

of 28 U.S.C. § 2244. See *Ferrazza,* 36 F. Supp. 2d at 973. "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004)(internal quotation omitted). Such a "'prima facie showing' ... is not a difficult standard to meet." *Id.* at 432.

28 U.S.C. § 2244(b)(4) requires a district court to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." See *In re McDonald,* 514 F. 3d 539, 543 (6th Cir. 2008). Therefore, even after a court of appeals has certified a successive motion on the basis that the movant has made a *prima facie* showing that the statutory standard of § 2244(b) has been satisfied, it is appropriate for a district court to dismiss the petition or motion if the merits of the successive petition or motion do not ultimately satisfy that same statutory standard under § 2244(b). See *Tyler v. Cain,* 533 U.S. 656, 661, n. 3 (2001).

Petitioner claims that Patricia Seymore was coerced into committing perjury at his trial in 1991. In support of this claim, petitioner presented an

12

affidavit from Seymore, dated March 16, 2009, in which Seymore claims that she testified falsely at petitioner's trial and that she did so only because she was afraid that she and/or her daughter would be charged if they did not implicate petitioner in the shooting and break-in. Seymore claims that she did not come forward sooner because she was afraid that the police would implicate her in this crime and because her mind was affected by drug use at the time.

In denying the motion, the trial judge ruled that the fact that Seymore had waited 18 years to recant her testimony weighed against her credibility.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). A state court's factual determination that a prosecution witness' recantation and supporting affidavit is not credible is entitled to the presumption of correctness in a federal habeas proceeding. See *Richardson v. Lord,* 7 Fed.Appx. 1, 2 (2nd Cir. 2001); See also *Poe v. Rapelje,* 5:12–CV–11390; 2014 WL 4715460, * 2 (E.D. Mich. Sept. 22,

13

2014).

A long-delayed affidavit like Seymore's which seeks to exonerate a criminal defendant and shift the blame for the crime to another person is "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993). Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *superseded in part on other grounds by* U.S.S.G. § 2D1.5(a); See also *Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). Furthermore, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard so as to be permitted to file a successive habeas petition, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo,* 513 U.S. 298, 332 (1995).

There are a number of problems with Seymore's affidavit. First, the purported affidavit does not offer any convincing explanation as to why Seymore waited eighteen years to recant her trial testimony. See *Lewis v. Smith,* 100 Fed. Appx. 351, 355 (6th Cir. 2004)(proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); See also *Strayhorn v. Booker,* 718 F. Supp. 2d 846, 874

14

2:13-cv-10267-DPH-RSW   Doc # 49   Filed 02/29/16   Pg 15 of 20   Pg ID 1819

(E.D. Mich. 2010)(long-delayed affidavit of accomplice recanting statement to police did not establish petitioner's actual innocence where it was made almost two years after petitioner's trial). Although Seymore claims that she did not come forward until 2009 because she was afraid that the police would implicate her in this case, the affidavit does not explain why Seymore now no longer fears prosecution for this crime, particularly since there is no statute of limitations for murder in Michigan. See Mich. Comp. Laws § 767.24(1).

The second problem with Seymore's affidavit is that it does not indicate the name or names of the police officer or officers who threatened her and which crimes that they threatened to charge her or her daughter with. Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. See *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971).

A third problem with Seymore's allegation that she had been coerced into changing her statement to implicate petitioner in the crime is the fact that she had already implicated petitioner in her first statement to the police, albeit only by voice.

Fourth, Seymore does not allege in her affidavit that the prosecuting

15

attorney was aware that she testified falsely nor does petitioner make such an allegation.  The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972).  There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted).  However, to prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).  A habeas petitioner has the burden of establishing a *Giglio* violation. See *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003).

Petitioner would not be entitled to habeas relief on his perjury claim, because he failed to show that the prosecutor knew that Craig testified falsely at petitioner's trial. See *Rosencrantz v. Lafler,* 568 F. 3d 577, 587 (6th Cir. 2009).

Moreover, Craig was confronted at trial with her first statement to the police, in which she indicated that she did not see the faces of the three

16

men who entered her home.  In light of the fact that Seymore was

impeached by defense counsel on this issue, petitioner was not deprived of

due process. See e.g. *Monroe v. Smith,* 197 F. Supp. 2d 753, 763 (E.D.

Mich. 2001).  It was for the jury to decide which version of the testimony to

believe. *Id.*  Petitioner would thus not be entitled to relief on his perjury

claim.

To the extent that petitioner seeks relief on a freestanding actual

innocence claim, he would not be entitled to habeas relief.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court

held that claims of actual innocence based on newly discovered evidence

fail to state a claim for federal habeas relief absent an independent

constitutional violation occurring in the underlying state criminal

proceeding.  Federal habeas courts sit to ensure that individuals are not

imprisoned in violation of the constitution, not to correct errors of fact. *Id.,*

See also *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013)("We have

not resolved whether a prisoner may be entitled to habeas relief based on

a freestanding claim of actual innocence").  Freestanding claims of actual

innocence are thus not cognizable on federal habeas review, absent

independent allegations of constitutional error at trial. See *Cress v. Palmer,*

17

484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases).

Moreover, the Supreme Court's subsequent decision in *House v. Bell*, 547 U.S. 518 (2006) does not alter this Court's adjudication of petitioner's claim, as the Supreme Court again in that case declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence. *Id.* at 554-55.  Although the Supreme Court in *House* noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," *Id.* (quoting *Herrera,* 506 U.S. at 417), the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside of the death-penalty context. Petitioner would therefore not be entitled to relief for a freestanding actual innocence claim under available Supreme Court precedent. *See Wright v. Stegall*, 247 Fed. Appx. 709, 711 (6th Cir. 2007).

Finally, to the extent that petitioner contends that he was deprived of a full and fair hearing on his recantation claim in the state courts, he would not be entitled to habeas relief either.  A habeas petitioner's challenge to the validity of the state court's conduct of his post-conviction motion, with

18

respect to the denial of the opportunity to present evidence of recantation by a prosecution witness, is non-cognizable on federal habeas review, because errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *Cress,* 484 F. 3d at 853 (citations omitted).

This Court denies the petition pursuant to 28 U.S.C. § 2244(b)(4), because petitioner fails to satisfy the requirements for filing a second or successive habeas petition, in that he failed to offer clear and convincing evidence, as required by § 2244(b)(ii), that no reasonable factfinder would find him guilty of first-degree murder and felony-firearm.

## IV. Conclusion

For the reasons stated above, the Court denies the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(4).

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). [3] See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, if petitioner

---

[3] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

19

chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE pursuant to 28 U.S.C.§ 2244(b)(4).**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner is granted leave to appeal *in forma pauperis.*

**SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
Chief United States District Judge

Dated: February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on February 29, 2016 by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager